

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2008

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-4261, 06-3892
_____

DONG MING WU;
HUI CHEN,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA Nos. A72-565-759
and A73-569-285
Immigration Judge: Donald Vincent Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
on December 10, 2007

Before:  RENDELL and STAPLETON, Circuit Judges,
and IRENAS, District Judge.

(Opinion filed:  March 25, 2008)

_____

    *  Honorable Joseph E. Irenas, Senior Judge of the United States District Court for
    the District of New Jersey, sitting by designation.

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Petitioner Dong Ming Wu ("Wu") and his wife seek review of a decision by the Board of Immigration Appeals ("BIA" or "the Board") to affirm the denial by the Immigration Judge ("IJ") of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Wu also challenges the BIA's denial of his motion to remand for an adjustment of status. For the reasons stated below, the Petition for Review will be denied.

## BACKGROUND[2]

A citizen of the People's Republic of China, Wu lived in Fuzhou, China for his entire life prior to his arrival in the United States. While living in China, Wu married his first wife and had one child. When Wu's first wife became pregnant a second time, in violation of China's family planning laws, the authorities allegedly aborted the baby. After the abortion, Wu and his first wife lost their jobs. After one to two weeks of an unsuccessful job search, Wu fled alone to Brazil and then to the United States. While in

_____

[1]Wu's wife, Hui Chen, originally filed an I-589 asylum application on her own behalf, but has since withdrawn that application and is now proceeding as a derivative under Wu's application. Thus, although there are two petitioners, we refer throughout this opinion only to Wu, as he is the lead petitioner in this appeal.

[2]As we write for the benefit of the parties alone, we need not set forth a lengthy recitation of the facts.

the United States, Wu received a divorce from his first wife, remarried, and had three children with his second wife. Wu now contends that he would be coercively sterilized by the Chinese government if he returned to China because he has a total of four children, in violation of Chinese birth control law.

On August 30, 2005, the BIA affirmed the IJ's denial of Wu's application for asylum, withholding of removal, and protection under the CAT and dismissed Wu's appeal. The BIA found, *inter alia*, that, even assuming Wu was credible, he had not established that he had suffered past persecution, nor did he establish an objectively reasonable well-founded fear of future persecution. Wu filed a timely appeal.

While that appeal was pending, we remanded the case to the BIA for consideration of Wu's application for adjustment of status in light of our decision in *Zheng v. Gonzalez*, 422 F.3d 98 (3d Cir. 2005). The BIA denied Wu's motion to remand to the IJ for lack of jurisdiction. Wu appealed that decision as well, and the two appeals have been consolidated for review.

**DISCUSSION**

We review the BIA's factual determinations under a substantial evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (quoting *Turcios v. INS*, 821 F.2d 1396, 1398 (9th Cir. 1987). The BIA's determination

3

will not be disturbed unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### I. Asylum

In order to be eligible for asylum, an alien has the burden to establish that he or she is a "refugee," as defined by 8 U.S.C. §1101(a)(42). An asylum applicant may qualify as a refugee "either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. §1208.13(b). If an applicant can establish past persecution on account of a protected ground, there is "a rebuttable presumption of a well-founded fear of future persecution, as long as that fear is related to the past persecution." *Lukwago v. Ashcroft*, 329 F.3d 157, 174 (3d Cir. 2003); *see also* 8 C.F.R. §208.13(b)(1). This presumption may be rebutted if the Government proves by a preponderance of the evidence that: (1) "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution"; *or* (2) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and . . . it would be reasonable to expect the applicant to do so." 8 C.F.R. §208.13(b)(1)(i); *see also Shardar v. Attorney General*, 503 F.3d 308, 312-13 (3d Cir. 2007). If an applicant cannot establish past persecution, he or she bears the burden of establishing a "subjective fear of [future] persecution that is supported by objective evidence that persecution is a reasonable

4

possibility." *Lukwago*, 392 F.3d at 175 (internal quotation marks and citation omitted).

## A. Past Persecution

In his petition for review before this Court, Wu argues that he "has suffered past persecution and is eligible for the relief of asylum as a spouse of [a] victim . . . because he was legally married to his ex-wife at the time when she was forcibly aborted by the Chinese government." (Pet'r's Br. 26.) In his appeal to the BIA, however, Wu explicitly disavowed any reliance upon past persecution as a basis for his asylum application. As stated in his brief on appeal:

> It is clear from Respondent husband's testimony and his written affidavit for asylum that Respondent husband and his wife's asylum application is based on a well-founded fear of future persecution on account of the coercive birth control policy of China **only**, as the first sentence in Respondent husband's amended affidavit reads, "I apply for political asylum because I fear that I will be persecuted by the coercive family planning policy if I were to return to China." It is also clear that Respondent husband did not intend to apply for asylum based on the forcible abortion of his ex-wife in China as he freely admitted in his asylum application and to the Court he has divorced his ex-wife in 1994 and that his only fear was either he or his wife would be sterilized upon returned [*sic*] because they have four children. In this sense, Respondent husband's ex-wife's forcible abortion is not material to Respondent's asylum application though it may be relevant to the subjective fear of Respondent husband.

(App. 44-45 (emphasis in original).)

Despite Wu's intent not to rely on past persecution as a ground for asylum, the BIA nonetheless considered it as a potential argument, but rejected that argument on its

5

merits. While the BIA held in *Matter of C-Y-Z-*, 21 I&N Dec. 915 (BIA 1997), that an alien whose spouse was forced to undergo an abortion or sterilization procedure can establish past persecution under 8 U.S.C. §1101(a)(42), the BIA declined to extend this decision to ex-spouses. According to the BIA, "[n]either the [INA], nor our case law extends protection to individuals based solely on their prior spousal relationship to a woman who was forcibly aborted."[3] (App. 34.) On the record before us, we find no reason to disturb the BIA's decision in this regard.

### B. Well-Founded Fear of Future Persecution

To succeed under the second prong of the asylum analysis, Wu has the burden to establish "a well-founded fear of persecution," which encompasses "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," including forced sterilization. 8 U.S.C. §1101(a)(42); *Yu v. Attorney General*, No. 06-3933, 2008 WL 126632, at *1 (3d Cir. Jan. 15, 2008); *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir. 1993). Specifically, Wu must demonstrate "a subjective fear . . . that is supported by objective evidence that persecution is a reasonable possibility." *Balasubramanrim v. I.N.S.*, 143 F.3d 157, 165 (3d Cir. 1998). The BIA is charged with

---

[3]The BIA reaffirmed this position in *Matter of S-Y-Y-*, 24 I&N Dec. 1 (BIA 2006), refusing to extend *C-Y-Z-* to boyfriends or fiancés and limiting its holding "to applicants who *are* legally married under Chinese law." *Id.* at 4 (emphasis added); *cf. Zhuang v. Gonzales*, 471 F.3d 884, 890 (8th Cir. 2006) (noting that the court is "unaware of any authority that expands this doctrine to cover a former spouse's involuntary sterilization, even if the sterilization was performed while the couple was married").

6

determining whether or not Wu has made this showing; our role is only to ascertain whether the BIA's conclusion is supported by substantial evidence. *Yu*, 2008 WL 126632, at *1.

Our recent decision in *Yu*, containing facts analogous to those of the instant case, governs the issues raised here. In *Yu*, two petitioners, a husband and wife from China's Fujian providence, sought asylum, withholding of removal, and protection under the CAT based on their fear that one or both of them would be forcibly sterilized for violating China's family planning regime were they made to return. *Yu*, at *1. The *Yu* couple alleged that they were at risk because they had a second child while residing in the United States and relied, almost exclusively, on an affidavit prepared by retired demographer Dr. John Aird in order to prove the objective reasonableness of their claimed fear of sterilization. Analogous to the situation in *Yu*, Wu relies heavily on an affidavit by Villanova Law Professor Joseph W. Dellapenna and on several news articles to support the contention that the Fujian Province strictly enforces China's coercive birth control policy. However, as in *Yu*, the record here contains the 2004 State Department Country Report for China—which rejects the notion that returning Chinese citizens face persecution if they have multiple children outside the country. We have "repeatedly recognized that State Department reports may constitute substantial evidence." *Yu*, 2008 WL 126632, at *2. After a review of the record before it, the BIA determined that Wu "has not sustained his burden of proving eligibility for relief in the form of asylum."

(App. 34.)  Considering the record as a whole, we cannot say that the BIA's decision is not supported by substantial evidence.

Also like the petitioner in *Yu*, Wu argues that the BIA's assessment of the objective reasonableness of his fear contradicts *Guo v. Ashcroft*, 386 F.3d 556, 56 (3d Cir. 2004).  In *Guo*, the Third Circuit reversed a BIA refusal to grant a petitioner's motion to reopen her asylum proceeding predicated on her claimed fear of future persecution due to multiple children she gave birth to in the United States; the motion to reopen was based upon the submission by the petitioner of an affidavit written by a "specialist on demographic development and population policy in China." *Id.*

Wu cannot make the same procedural claim that the *Guo* petitioner made, however.  As we recognized in *Yu*, *Guo* is distinguishable because the issue before the BIA in that case was whether the petitioner had made a prima facie showing for reopening.  Here, as in *Yu*, the issue is whether the petitioners have carried their "ultimate burden of persuasion in making an asylum claim."  *Yu*, at *3.  The BIA found that they did not, and we conclude that this finding was supported by substantial evidence "on the record considered as a whole."[4]  *See Balasubramanrim*, 143 F.3d at 161 (internal quotation marks and citation omitted).

---

[4]Wu's reliance on the Eighth Circuit's decision in *Yang v. Gonzales*, 427 F.3d 1117 (8th Cir. 2005), and the Second Circuit's decision in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir. 2006), does not affect our conclusion in this regard, as those cases are distinguishable on their facts.

## II. Withholding of Removal and the CAT

Because the threshold for asylum is lower than the threshold for protection under the withholding of removal and CAT provisions, our rejection of Wu's asylum claim "necessarily requires" that we reject his withholding and CAT claims as well. *See, e.g.*, *Yu*, 2008 WL 126632, at *3. As no additional analysis is required, we need proceed no further with a discussion of these claims.[5]

## III. Wu's Claim for Adjustment of Status

Wu claims that the BIA improperly denied his request for a remand to the IJ to adjudicate his application for an adjustment of status. The BIA explained that "[w]hile this case was pending before us on remand, amendments to the regulations regarding the availability of adjustment of status for arriving aliens in removal proceedings were promulgated." (App. 3 (citing 71 Fed. Reg. 27,585-592 (May 12, 2006) (now codified at 8 C.F.R. §1245.2(a)(1)(ii))).) The amended regulations make clear that, unless certain criteria are met, "the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien." 8 C.F.R. §1245.2(a)(1)(ii). According to the BIA, these new amendments "are applicable to all

---

[5]To the extent that Wu's CAT claim is based on his allegedly unlawful escape from China, we agree with the BIA that Wu cannot sustain his burden of proving that he will more likely than not be tortured—as defined in 8 C.F.R. §1208.18(a)—upon his return to China. The 2004 State Department report (China: Profile of Asylum Claims and Country Conditions), which is part of the administrative record in this case and upon which the BIA relied, supports this conclusion.

cases pending administrative or judicial review on or after May 12, 2006." (*Id.*) Wu contends (in a conclusory fashion) that his case "should be grandfathered from the Interim Regulations . . . and remanded to the Immigration Court."[6] (Pet'r's Br. 31-32.) Finding no legal basis for this contention, we are not so convinced. Accordingly, Wu and his wife must pursue any applications for status with the United States Citizenship and Immigration Services, independent of their removal proceedings.

## CONCLUSION

For the reasons set forth above, the Petition for Review will be DENIED.

_____

STAPLETON, J., *concurring and dissenting:*

The BIA, interpreting 8 U.S.C. § 1101(a)(42)(B), has held that "forced sterilization of one spouse . . . is an act of persecution against the other spouse" because it "naturally and predictably has a profound impact on both parties to the marriage." *Matter of C-Y-Z*, 21 I.&N. Dec. 915 (BIA 1997). Under this ruling, it would appear that Wu suffered past persecution beginning at the time of his wife's forced abortion. Without some further explanation of the BIA's decision that Wu has not experienced past discrimination, it is impossible for this Court to determine whether the ruling in this case is consistent with

_____

[6]Wu does not meet the criteria set forth in 8 C.F.R. §1245.2(a)(1)(ii), which would permit the Immigration Court to review his adjustment of status application.

10

that in *Matter of C-Y-Z* or is an arbitrary and capricious deviation from it. Because we are responsible for making that determination, I would remand this matter to the BIA in order to secure a statement of the rationale behind its disposition of the past persecution issue. *Smriko v. Ashcroft*, 387 F.3d 279, 291 (3d Cir. 2004).[7]

---

[7]Because the BIA chose to address the past persecution issue, Wu has exhausted his administrative remedies with respect to it, and I find it properly before us.